*See Dissenting Opinion*

Filed 12/9/24 P. v. Wilson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082943 |
| v. | (Super. Ct. No. RIF1700124) |
| DARIN KRISTOPHER WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alana Butler, and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

The trial court found defendant and appellant Darin Kristopher Wilson ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancements imposed for his having suffered three prior prison terms (§ 667.5, subd. (b)) were imposed and stayed during his initial sentencing proceedings.

On appeal, defendant contends he is entitled to a full resentencing hearing pursuant to section 1172.75, even though his prison priors (§ 667.5, subd. (b)) were imposed and stayed. We agree that defendant is entitled to sentencing relief under section 1172.75 for his prior prison term enhancements which were imposed and stayed. We therefore reverse the order and remand for the trial court to recall defendant's sentence, vacate his prison prior enhancements, and resentence him under section 1172.75, subdivision (d).

# II.

## PROCEDURAL BACKGROUND[2]

On April 12, 2017, a jury convicted defendant of one count of robbery (§ 211). In a bifurcated proceeding, defendant admitted that he had suffered three prior prison terms (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and a prior strike

---

[1] Unless otherwise indicated, all future statutory references are to the Penal Code.

[2] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

2

conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  Defendant was sentenced to a total term of nine years in state prison:  the low term of four years (two years doubled due to the prior strike) for the robbery, plus five years for the prior serious felony enhancement.  The court also imposed and stayed the one-year terms for the three prior prison term enhancements.  This court later affirmed defendant's judgment.  (*People v. Wilson* (Nov. 13, 2018, E068578) [nonpub. opn].)

In 2023, the California Department of Corrections and Rehabilitation notified the trial court of defendant's eligibility to recall his sentence and to be resentenced pursuant to section 1172.75.  On December 27, 2023, the trial court declined to recall defendant's sentence and resentence him under section 1172.75 because the sentences on the prior prison term enhancements had been imposed and stayed.  Defendant timely appealed.

III.

DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancements were imposed and stayed.[3]  Relying on our decision in *Rhodius*, *supra*, 97 Cal.App.5th 38, the People respond defendant is not entitled to a full resentencing hearing because section 1172.75

---

[3]  The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court.  (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*); *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189.

does not apply to an imposed and stayed section 667.5, subdivision (b) prior prison enhancement.

Before January 2020, section 667.5, subdivision (b) permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

In *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, this court held that the section 1172.75 resentencing provision does not apply when the trial court imposes and stays a prison prior enhancement.  Defendant urges this court to reject *Rhodius*, and follow *Christianson*, *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*), and *Saldana*, which concluded the converse.  He argues that subsequent decisions by other appellate courts hold, to the contrary, that section 1172.75, as amended by Senate Bill No. 136 (2019-2020 Reg. Sess.) and Senate Bill No. 483 (Reg. Sess. 2021-2022), broadly applies to enhancements imposed and stayed, such as in the instant case.  The other appellate courts focus primarily on the meaning of the term "imposed," within the meaning of section 1172.75, subdivision (a).  (See *Renteria*, *supra*, at p. 1282 [the word ""'impose" applies to enhancements that are "imposed and then *executed*," as well as those that are "imposed and then *stayed*"'"]; *Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted; *Saldana*, *supra*, 97 Cal.App.5th at p. 1276, review granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853.)

By granting review of *Rhodius*, *supra*, 97 Cal.App.5th 38, the Supreme Court has agreed to resolve the "imposition" issue.  In *Rhodius*, *supra*, 97 Cal.App.5th 38, our court construed the term "imposed," within the meaning of section 1172.75, subdivision (a), as being limited to a sentence being "imposed and executed."  We limited the meaning of "imposed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a lesser sentence than the one originally imposed

5

as a result [of] the elimination of the repealed enhancement." (*Rhodius*, *supra*, at pp. 42-45, review granted.) We reasoned that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed." (*Id*. at p. 44.) Therefore, if section 1172.75 applied to stayed prison prior enhancements, then a resentencing court faced with such an enhancement would be forced to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, *supra*, at p. 44.) To avoid that outcome, we held in *Rhodius* that section 1172.75 must be construed to apply only to prison prior enhancements that were imposed and executed, and not to stayed prison prior enhancements. (*Rhodius*, *supra*, at p. 44.)

All other appellate decisions that have considered this issue were decided after *Rhodius*, with the exception of *Renteria*, *supra*, 96 Cal.App.5th 1276. So far, all of the published decisions, other than *Rhodius*, have concluded that section 1172.75 applies regardless of whether the imposed prison prior enhancement was executed or stayed. (*Renteria*, *supra*, 96 Cal.App.5th 1276; *Christianson*, *supra*, 97 Cal.App.5th 300, review granted; *Saldana*, *supra*, 97 Cal.App.5th 1270, review granted; *Mayberry*, *supra*, 102 Cal.App.5th 665, review granted.) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius's* refusal to apply section 1172.75 to stayed prison prior enhancements was unfounded, because striking a stayed enhancement results in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1).

The court in *Christianson* explained that a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) Striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk the sentencing court will execute the enhancement in the future. (*Ibid*.; see also *Saldana*, *supra*, 97 Cal.App.5th at p. 1277, review granted; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-67, review granted ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].) Resentencing courts thus would not be required to arbitrarily lower a sentence that included a stayed prison prior enhancement, because striking the enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1). (*Christianson*, *supra*, at p. 312; *Saldana*, *supra*, at p. 1277; *Mayberry*, *supra*, at p. 674.)

The term for a stayed enhancement does not become permanent until "the defendant finishes serving the part of the sentence that has not been stayed." (Cal. Rules of Court, rule 4.447(a)(2).) Furthermore, a direct appeal is not the only circumstance in which an alternately imposed term can be invalidated. As occurred with section 1172.75, the Legislature sometimes enacts retroactive changes to sentencing laws. (See *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, review granted ["a stayed term or enhancement . . . is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason"].) Because defendant is still serving the sentence

7

imposed for his robbery conviction, his prison prior enhancements still "carry the possibility of execution." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 674, review granted.)

Pending resolution and guidance by our Supreme Court of the split among the appellate courts on this issue, we conclude that the other appellate courts' compelling reasoning raised after *Rhodius* was decided, persuasively supports applying section 1172.75 to all imposed prison prior enhancements, regardless of whether the enhancements were stayed or executed. We also agree that striking a stayed enhancement results in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at pp. 312, 315, review granted; *Saldana*, *supra*, 97 Cal.App.5th at p. 1277, review granted; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675, review granted.)

We recognize that this decision is inconsistent with this court's previous decision in *Rhodius*. Nevertheless, for the reasons stated above, we conclude contrary to *Rhodius* that section 1172.75 applies to defendant's stayed prison prior enhancement. As a result, he is entitled to reversal of the trial court order denying sentencing relief and remand for the trial court to recall his sentence, to vacate his prison prior enhancement, and resentence him under section 1172.75, subdivision (d). (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."].)

IV.

DISPOSITION

The trial court's December 27, 2023 order finding defendant ineligible for sentencing relief, including vacating his prior prison term enhancements and resentencing him under section 1172.75, is reversed. The matter is remanded to the trial court with directions to vacate defendant's prior prison term enhancements, recall his sentence, and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<pre>
                                         CODRINGTON
                                                        J.
</pre>

I concur:

<pre>
MENETREZ
                J.
</pre>

[*People v. Wilson*, E082943]

I respectfully dissent. I would decide the case in accordance with this court's decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*) and affirm the judgment.

In *Rhodius*, *supra*, 97 Cal.App.5th 38, the sentencing court imposed but stayed the punishment for two prison prior enhancements under Penal Code[4] section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, *supra*, at pp. 41-42.) On appeal in *Rhodius*, this court interpreted the word "imposed" in subdivision (a) of section 1172.75, to mean a sentence enhancement that was "'imposed and executed.'" (*Id.*, at pp. 44-45, 47-48.) In interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed. (*Rhodius*, at pp. 43-45.) We determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods. (*Id.*, at p. 46.) Because the enhancement had been stayed and the sentence could not be lowered in a resentencing, this court held in *Rhodius* that section 1172.75, did not apply to it. (*Rhodius*, at pp. 45, 48-49.)

---

[4] All further statutory references are to the Penal Code.

The fact that the enhancement might be used in a potential recall of resentence does not add to the sentence imposed in this case.  Section 1172.75 does not address any collateral consequences of a prior prison term enhancement.

However, section 1172.75, states that that an enhancement imposed pursuant to section 667.5 is "legally invalid."  (§ 1172.75, subd. (a).)  Therefore, the court cannot just stay or strike the punishment, but must vacate the enhancement itself.  When the enhancement itself is vacated, it should not appear on the abstract of judgment and should not be subject to use in the future.  "If a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing."  (*People v. Flores* (2021) 63 Cal.App.5th 368, 383.)  Although the court in this case correctly denied the section 1172.75 petition for a full resentencing, it should have clarified that the enhancement itself was vacated pursuant to section 1172.75, and directed that the abstract of judgment be corrected to remove the section 667.5 enhancement.  (See e.g., *People v. Morelos* (2022) 13 Cal.5th 722, 770.)

RAMIREZ\
P. J.

11